<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>M & M GENERAL CARPENTRY, LLC,<br>M & M CARPENTRY CONTRACTORS, LLC,<br>and NORMA URGILES SAETEROS as<br>Administrator Ad Prosequendum for THE<br>ESTATE OF WILSON PATRICIO SAITEROS<br>ENRIQUE,<br><br>*Defendants.* | Civil No.: 19-cv-11029 (KSH) (CLW)<br><br><br><br><u>**OPINION**</u> |

**Katharine S. Hayden, U.S.D.J.**

### I. Introduction

In this insurance coverage declaratory judgment action, plaintiff Evanston Insurance Company ("Evanston") has moved for default judgment against defendants M & M General Carpentry, LLC ("M & M General"), M & M Carpentry Contractors, LLC ("M & M Contractors"), and Norma Urgiles Saeteros, the administrator ad prosequendum ("the "Administrator") for the estate of decedent Wilson Patricio Saiteros Enrique (the "Decedent").[1] Evanston seeks a declaration that it has no duty to defend or indemnify M & M General or M & M Contractors for claims made against them in an action pending in New Jersey state court relating to the fatal injuries suffered by Decedent at the site of a home construction project.

### II. Background

The amended complaint alleges as follows. Evanston is an Illinois corporation with its

---

[1] Ms. Urgiles Saeteros is described in the underlying action as Decedent's partner and the mother of the three minor children who are plaintiffs in that action.

principal place of business in Illinois, and is authorized to do business in New Jersey. (D.E. 4, Am. Compl. ¶ 2.) M & M General is a New Jersey limited liability company that Evanston alleges has no members resident in Illinois. (*Id.* ¶¶ 3-4.) M & M Contractors is alleged to either be a non-existent company or a New Jersey limited liability company with no members resident in Illinois. (*Id.* ¶¶ 6-7.) Norma Urgiles Saeteros is the administrator ad prosequendum for the Decedent's estate, and is a resident of New Jersey. (*Id.* ¶¶ 8-9.)

This matter relates to a tort action filed in Essex County Superior Court in October 2017 on behalf of Decedent's children and Norma Urgiles Saeteros individually and as Administrator (the "underlying action"). (*Id.* ¶ 14.) The complaint in the underlying action was later amended to properly name M & M General, which is Evanston's insured, and to add Evanston as a defendant. (*Id.* ¶¶ 15-16.) Evanston was dismissed from the underlying action in March 2019 for lack of standing. (*Id.* ¶ 17.)[2] M & M General answered the complaint on behalf of itself, and as "Defendant, M & M General Carpentry LLC, i/p/a M & M Carpentry Contractors." (*Id.* ¶¶ 18-19.)

The underlying action, and by extension, this action, grew out of an accident on August 31, 2015, at the site of a home construction project in Livingston, New Jersey. (*Id.* ¶¶ 1, 20.) According to Evanston, the plaintiffs in the underlying action have alleged that Decedent was employed by The Flores Contractors LLC ("Flores") at the time of the accident, and that the project's general contractor was BCS Marketing Solutions, Inc. d/b/a BCS Construction ("BCS"), which subcontracted work to M & M General, which in turn subcontracted work to Flores. (*Id.* ¶¶ 21-24.) Evanston alleges, in other words, that Decedent was working for a

---

[2] Evanston has supplied only the order of dismissal, which references an oral ruling. Evanston alleges that the Superior Court concluded the plaintiffs in the underlying action were not insureds under the policy and therefore did not have standing to bring a direct action for coverage. (*Id.*)

2

subcontractor of M & M General at the time of the accident.

Evanston issued a general liability insurance policy to M & M General effective December 11, 2014, to December 11, 2015.  (*Id.* ¶ 28.)  The policy contained the following exclusion, located in an endorsement:

**EXCLUSION – EMPLOYER'S LIABILITY AND**
**BODILY INJURY TO CONTRACTORS OR SUBCONTRACTORS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM
. . .

**B.**   The following Exclusion is added:

This insurance does not apply to:

**Bodily Injury To Contractors Or Subcontractors**

"Bodily injury" to any:

**(1)** Contractor or subcontractor while working on behalf of any insured;

**(2)** Employee, volunteer worker, leased employee or temporary worker of such contractor or subcontractor; or

**(3)** Additional subcontractor, including the employees, volunteer workers, leased employees or temporary workers of such contractor or subcontractor indicated in Paragraph (1) above.

This exclusion applies:

(a) Even if the claim against any insured alleges negligence or other wrongdoing in the:
   (i)     Selection, hiring or contracting;
   (ii)    Investigation;
   (iii)   Supervision or monitoring;
   (iv)    Training; or
   (v)     Retention

of any contractor or subcontractor for whom any insured is or was legally responsible and whose acts or omissions would be excluded by Paragraph (1),

3

    (2) or (3) above.

  (b) Whether the insured may be liable as an employer or in any other capacity;

  (c) To any obligation to share damages with or repay someone else who must pay damages because of the injury; and

  (d) To liability assumed by the insured under an "insured contract."

(Am. Compl. ¶ 29 & Villaverde Cert., Ex. C at Evanston 0085-86.)[3]

Evanston received notice of the underlying action in December 2017. (*Id.* ¶ 32.) On a January 8, 2018 telephone call, M & M General confirmed that it was hired by BCS and that M & M hired Flores, which was the Decedent's employer. (*Id.* ¶ 34.) Evanston responded that coverage would be excluded under the Bodily Injury to Subcontractor Exclusion, and followed up with a January 15, 2018 letter denying coverage. (*Id.* ¶¶ 35-36 & Villaverde Cert., Ex. D.)

Evanston filed the instant declaratory judgment suit on April 24, 2019, invoking diversity jurisdiction. (D.E. 1.) The complaint named only M & M General and M & M Contractors as defendants. On May 16, 2019, Evanston filed the operative amended complaint, adding the Administrator as a defendant pursuant to N.J.S.A. § 2A:16-56.[4] (D.E. 4.) The amended complaint asserts claims for declaratory judgment that Evanston has no obligation to provide a defense or indemnity to M & M General or M & M Contractors in the underlying action, or, if coverage were triggered, that it is limited to $50,000 (count one), and for declaratory judgment

---

[3] Evanston also cites a policy endorsement requiring that the insured obtain certificates of insurance from subcontractors and limiting coverage to $50,000 if the conditions set forth in the endorsement are not met. (*See* Am. Compl. ¶ 31 & Villaverde Cert., Ex. C at Evanston 0081.) Because Evanston does not rely on that endorsement in seeking entry of judgment by default, the Court need not address its applicability.

[4] Under that statute, "[w]hen declaratory relief is sought, all persons having or claiming any interest which would be affected by the declaration shall be made parties to the proceeding."

4

that because M & M Contractors is not an insured under the policy, it is not entitled to a defense or indemnity for the claims against it in the underlying action (count two).

The Administrator was served with process on June 14, 2019. (D.E. 5.) M & M General and M & M Contractors were served on June 21, 2019. (D.E. 6, 7.) No defendant has answered or otherwise responded to the complaint. Default was entered against all three defendants on August 8, 2019. Evanston subsequently filed its motion, which is unopposed, for default judgment against defendants. (D.E. 11.) In support of its motion, Evanston submitted a certification of counsel (D.E. 11-1, Villaverde Cert.) and a moving brief. Evanston's counsel has certified that M & M General and M & M Contractors have advised, through counsel, that they would not contest this action and requested that Evanston enter default against them. (Villaverde Cert. ¶ 14.)[5]

### III.   Legal Standard

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant that fails to file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (Kugler, J.). Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Id.* In ruling on the motion, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* at 535-36 (citations omitted).

---

[5] Counsel for the M & M entities also advised Evanston's counsel that there is only one M & M entity. (*Id.* ¶ 15.)

In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must make findings as to "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (Ackerman, J.) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).  The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served.  *See Super 8 Worldwide, Inc. v. Mahesh, Inc.*, 2019 U.S. Dist. LEXIS 120607, at *5 (D.N.J. July 19, 2019) (Vazquez, J.)

**IV.     Analysis**

The preliminary requirements for default judgment have been met.  The Court has subject matter jurisdiction in view of the parties' complete diversity and the amount in controversy exceeding $75,000.  28 U.S.C. § 1332.[6]  The entity defendants were duly served via registered agent, and the Administrator was served personally in this state. Defendants never answered or otherwise responded to the complaint, and default was entered by the Clerk.

Evanston has stated a claim for declaratory judgment, and has supplied a sufficient factual basis, taken as true in the context of this motion, to permit entry of judgment in its favor on the issue of coverage.  Under 28 U.S.C. § 2201(a), the Court may declare the rights of the parties in the event of an actual controversy between them; here, that controversy is embodied in the underlying action.  Evanston has pointed to an exclusion in the policy of insurance it issued

---

[6] Though the amended complaint does not plead Decedent's citizenship, *cf.* 28 U.S.C. § 1332(c)(2), there is no indication it differed from that of the Administrator, given her relationship to the Decedent as alleged in the underlying action (*see* Villaverde Cert., Ex. A), nor, more to the point, is there any indication that Decedent was a citizen of Illinois such that complete diversity would be lacking.

6

to M & M General providing that the insurance does not apply to bodily injury to any contractor or subcontractor while working on behalf of any insured, or to any employee of such contractor or subcontractor. (Villaverde Cert., Ex. C at Evanston 0085-86.) Taking Evanston's factual allegations as true, as the Court must here, at the time of the fatal accident Decedent was an employee of Flores, a subcontractor working on behalf of M & M General. The plain language of the exclusion therefore applies to bar coverage. *See Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 224 N.J. 189, 200 (2016) (court applies plain language of insurance policy if unambiguous); *Ohio Cas. Ins. Co. v. Island Pool & Spa, Inc.*, 418 N.J. Super. 162, 169 (App. Div. 2011). Indeed, identical policy language has been held to exclude coverage under materially identical circumstances; *i.e.*, bodily injury to the employee of the insured's subcontractor on the site of an apartment building construction. *See Evanston Ins. Co. v. A & R Homes Dev., LLC*, 2019 WL 661587, at *4, 6 (App. Div. Feb. 19, 2019). M & M General is therefore not entitled to coverage under these circumstances.

M & M Contractors likewise is not entitled to coverage, but for a different reason: it is not an insured under the policy issued by Evanston. The "[n]amed insured" on the declarations page is M & M General. (Villaverde Cert., Ex. C at Evanston 0038.) The policy further states, in a section labeled "WHO IS AN INSURED," that a limited liability company designated in the declarations is an insured, as are its members, but only with respect to the conduct of the business, and its managers, but only with respect to their duties as managers. (*Id.* at Evanston 0057.) Moreover, Evanston notes the policy language stating that "[n]o person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations." (*Id.* at Evanston 0058.) There is no indication in the record before the Court that M & M Contractors is within

7

the definition of "named insured," and the provisions on which Evanston relies compel the opposite conclusion, particularly in the absence of any response or argument from any of the defendants.

Although no substantive claim has been made against the Administrator, Evanston has named her as a defendant in view of her status as an interested party. *See* N.J.S.A. 2A:16-56. She is therefore bound by the Court's ruling that coverage is not available to M & M General or M & M Contractors, notwithstanding her decision not to respond to the amended complaint or to otherwise participate in this action. *A & R Homes*, 2019 WL 661587, at *3.

Finally, the *Emcasco* factors for entry of default judgment are met here. No meritorious defense is evident from the record, and defendants do not appear to have made any argument against the clear applicability of the exclusion Evanston invokes or its position that M & M Contractors is not covered at all under the policy. Defendants' failure to appear in the action or respond to the complaint or amended complaint has prevented Evanston from obtaining a declaration that it is not required to defend or indemnify M & M General or M & M Contractors in the underlying action, which is pending. Finally, not only does defendants' failure to answer on its own evince their culpability in the default, *see Travelodge Hotels, Inc. v. Seaside Hospitality, LLC*, 2016 WL 5899281, at *4 (D.N.J. Oct. 6, 2016) (McNulty, J.), but with respect to M & M General and M & M Contractors specifically, their counsel in the underlying action expressly informed Evanston's counsel that they would not contest this action and requested that default be entered against them. (Villaverde Cert. ¶ 14.) Thus, they intentionally did not respond in this action.

## V. <u>Conclusion</u>

For the foregoing reasons, the Court will grant Evanston's motion (D.E. 11) for default judgment. An appropriate order and judgment will follow.

Date: July 14, 2020

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J